IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEBASTIAN PRATT, ) <br> ) <br> Plaintiff, ) <br> ) Civil Action No.: 16-CV-111 <br> v. ) <br> ) Judge Schwab <br> SUN ENERGY SERVICES, LLC d/b/a DEEP ) <br> WELL SERVICES, ) <br> ) <br> Defendant. ) | |

### Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

1. **Identification of counsel and unrepresented parties.** Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

   **Counsel for Plaintiff, Sebastian Pratt:**

   Jeremy M. Cerutti
   Karpf, Karpf & Cerutti, P.C.
   3331 Street Road
   Two Greenwood Square
   Suite 128
   Bensalem, PA 19020
   (215) 639-0801 / jeremy@karpf-law.com
   (215) 639-4970 (fax)

   **Counsel for Defendant, Sun Energy Services, LLC d/b/a Deep Well Services:**

   Kurt A. Miller
   Cami L. Davis
   Clark Hill PLC
   One Oxford Centre
   301 Grant Street, 14th Floor
   Pittsburgh, PA 15219
   (412) 394-2363 / kmiller@clarkhill.com
   (412) 394-2357 / cdavis@clarkhill.com
   (412) 394-2555 (fax)

2. **Set forth the general nature of the case.**

   Plaintiff alleges that Defendant subjected him to racial discrimination and a hostile work environment, and retaliated against him by terminating his employment because he

allegedly complained of racial discrimination, in violation of Title 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq*.  Defendant denies those allegations.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   The Rule 26(f) conference was held on March 22, 2016.  Jeremy Cerutti participated in the conference on Plaintiff's behalf.  Cami Davis participated in the conference on Defendant's behalf.  All parties have been served and have entered an appearance in this case.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

   April 14, 2016 at 10:30 a.m.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   Neither party anticipates filing of dispositive motions pursuant to Fed. R. Civ. P. 12.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

   The parties have agreed upon mediation as the form of ADR that they will utilize in this case.  The parties have selected the Honorable Kenneth J. Benson as the mediator.  The mediation is scheduled for June 14, 2016.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

   None.

8. **Subjects on which fact discovery may be needed.**

   1. The facts surrounding Defendant's decision to terminate Plaintiff's employment;

   2. The alleged harassment to which Plaintiff alleges that he was subjected while employed by Defendant;

   3. The alleged complaints that Plaintiff allegedly made while employed by Defendant;

4. Defendant's policies and procedures; and

5. Damages, including mitigation of damages.

9. **Set forth suggested dates for the following:**

   a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:** April 28, 2016

   b. **Date by which any additional parties shall be joined:** May 14, 2016

   c. **Date by which the pleadings shall be amended:** May 14, 2016

   d. **Date by which fact discovery should be completed:** September 12, 2016

   e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:** The parties have not agreed to any limitations on discovery

   f. **Date by which plaintiff's expert reports should be filed:** August 12, 2016

   g. **Date by which depositions of plaintiff's expert(s) should be completed:** September 12, 2016

   h. **Date by which defendants' expert reports should be filed:** September 1, 2016

   i. **Date by which depositions of defendants' expert(s) should be completed:** September 12, 2016

   j. **Date by which third party expert's reports should be filed:** N/A

   k. **Date by which depositions of third party's expert(s) should be completed:** N/A

10. **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

    No changes.

11. **Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after**

the production of privileged information and if so, set forth the results of such consideration:

a. **ESI:  Is either party seeking the discovery of ESI in this case?**

Yes.

b. **Metadata:  Will any metadata be relevant in this case?**

No.

c. **Format:  Have the parties agreed on the format(s) for production of ESI?**

ESI will be produced in paper, disc, or some other mutually agreed upon format.

d. **Clawback Agreement:  Will the parties be using the Form Inadvertent Production Provision of LcvR 16.1.D?**

Yes.

e. **Search Terms:  Have the parties agreed on any protocol for review of electronic data?**

The protocol for review of electronic data will be an ongoing process between the parties based on the nature of the material sought in discovery and the manner in which the discovery request is phrased.  Plaintiff will provide Defendant a proposed list of search terms prior to April 14, 2016.  Should a dispute arise, the parties will confer prior to seeking the Court's assistance.

f. **Accessibility:  Have the parties agreed on what ESI is "reasonably accessible" as defined in R.26(b)(2)(B)?**

Yes, to the extent the parties are aware at this time of what is reasonably accessible.  Should any issues arise during discovery, the parties will make a good faith effort to resolve these issues.

g. **Preservation:  Are there any unresolved issues pertaining to the preservation of ESI? If so, please describe.**

There are no unresolved issues known to the parties at this time pertaining to the preservation of ESI.

h. **Other:  Identify all outstanding issues or disputes concerning ESI.**

There are no outstanding issues or disputes concerning ESI at this time.

12. **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in**

- 5 -

either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:

i.a     Settlement and/or transfer to an ADR procedure:

i.b     Dates for the filing of expert reports and the completion of expert discovery as itemized in subparagraphs 11.b through 11.g above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference:

i.c     Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed:

i.d     Dates by which parties' pre-trial statements should be filed:

i.e     Dates by which *in limine* and *Daubert* motions and responses thereto should be filed:

i.f     Dates on which motions *in limine* and *Daubert* motions shall be heard:

i.g.     Dates proposed for final pre-trial conference:

i.h     Presumptive and final trial dates:

The parties have elected to schedule the Post-Discovery Status Conference following the completion of Expert Discovery.

13. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

    None.

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

    No.

15. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

    None.

**16.     Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

Plaintiff made a settlement demand on April 1, 2016.  Defendant has not responded to that settlement offer.

Respectfully submitted,

Date:  April 6, 2016

s/ Cami L. Davis
Kurt A. Miller
Pa. I.D. No. 37850

Cami L. Davis
Pa. I.D. No. 91223

CLARK HILL PLC
One Oxford Centre
Pittsburgh, PA  15219
kmiller@clarkhill.com
cdavis@clarkhill.com
(412) 394-2363
(412) 394-2357

*Attorneys for Defendant, Sun Energy Services, LLC d/b/a Deep Well Services*

s/ Jeremy M. Cerutti
Jeremy M. Cerutti

Karpf, Karpf & Cerutti, P.C.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
jeremy@karpf-law.com
kbeatty@karpf-law.com
(215) 639-0801
(215) 639-4970 (fax)

*Attorneys for Plaintiff, Sebastian Pratt*